Reversed and Remanded and Majority and
Concurring Opinions filed April 20, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00098-CV



Mahesh
Ramchandani, m.d. and texas surgical associates,

Appellants 

v.

gonzalo jimenez,
Appellee 



On Appeal from
the 127th District Court

Harris County, Texas

Trial Court
Cause No. 2008-36498



 

CONCURRING OPINION

I agree with the majority’s conclusion that all of
Jimenez’s claims constitute health care liability claims.  However, the
majority does not clearly explain the rationale behind its conclusion.  The
majority merely asserts that Dr. Ramchandani’s alleged failure to perform the
surgery as agreed and designation of another doctor to do so are “an
inseparable part of the rendition of health care services” because they are “necessarily
part of the rendition” of those services.  I write separately to explain why. 

In assessing whether a plaintiff’s claim is
inseparable from the rendition of medical services, a key consideration is the
role of medical judgment.  See Marks v. St. Luke’s Episcopal Hosp., No.
07-0783, ___ S.W.3d __, 2009 WL 2667801, at *4, 6 (Tex. Aug. 28, 2009); see
also Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 847–52 (Tex.
2005).  An action, or lack thereof, is inseparable from patient treatment or
care if it involves professional judgment.  See Marks, 2009 WL 2667801,
at *6.  The challenged conduct is Dr. Ramchandani’s decision to not perform the
surgery (at least as the lead surgeon) and to allow Dr. Tripathy to do so.  The
jury will necessarily be called on to assess whether Dr. Ramchandani acted
reasonably and in furtherance of Jimenez’s care when making that decision. 
Even though framed as a breach of contract action, Jimenez’s claim is still, at
its essence, a complaint that Dr. Ramchandani exercised poor judgment in
allowing Dr. Tripathy to perform the surgery.  Many courts have held that
breach of contract allegations based on the failure to follow an agreement to
provide a certain type of treatment constitute health care liability claims
because they involve the assessment of the medical judgment around whether
those decisions were appropriate.  See, e.g., Murphy v. Russell, 167
S.W.3d 835, 837–39 (Tex. 2005) (holding that breach of contract claim based on
breach of agreement by anesthesiologist not to administer general anesthesia
was health care liability claim because circumstances during surgery may have
warranted the conduct); Smalling v. Gardner, 203 S.W.3d 354, 364--65
(Tex. App.—Houston [14th Dist.] 2005, pet. denied) (finding that breach of
contract claim based on failure to provide treatment to newborn surviving only
a short time was health care liability claim because those decisions required
assessment of what a prudent doctor would do); see also Hunsucker v. Fustok,
238 S.W.3d 421, 429 (Tex. App. —Houston [1st Dist.] 2007, no pet.) (concluding
that providing care in a manner contrary to parties’ agreement is inseparable
from the care itself and thus breach of contract claim constituted health care
liability claim).  It is for this reason that I conclude that all of Jimenez’s
claims are health care liability claims.

 








                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost
(majority), and Brown.